**United States District Court**
**Eastern District of Arkansas**

**FILED**
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

MAY 2 6 2021

JAMES W. McCORMACK, CLERK
By: _____
DEP CLERK

Anitra N. Rogers Plaintiff v. Case No.
4:21CV455 - LPR
Lighthouse Academies of Arkansas, Inc. Defendant

**Complaint**

This case assigned to District Judge _Rudofsky_
and to Magistrate Judge _Harris_

**Parties**

1. The Plaintiff, Anitra N. Rogers ("Ms. Rogers"), is a natural person who resided primarily in North Little Rock, Arkansas during the times relevant to this cause of action. Ms. Rogers is a black female. At the times relevant to this cause of action, Ms. Rogers was an employee within the meaning of 29 U.S.C. § 203(e)(1) and 42 U.S.C. § 2000e (f).

2. The Defendant, Lighthouse Academies of Arkansas, Inc. ("Lighthouse"), is a non-profit corporation incorporated in the State of Arkansas. Lighthouse's principal place of business is 29140 Chapel Park Drive, Wesley Chapel, Florida 33543-4404. Lighthouse's registered agent is Business Filings Incorporated, 124 West Capitol Avenue, Suite 1900, Little Rock, Arkansas 72201-3717. At the times relevant to this cause of action, Lighthouse was an employer within the meaning of 29 U.S.C. § 203(d) and 42 U.S.C. § 2000e(b).

## Subject Matter Jurisdiction

3. This Court has subject matter jurisdiction over this cause of

    action pursuant to 28 U.S.C. § 1331 because it is a civil

    action arising under the laws of the

    United States, specifically 29 U.S.C. § 206(d)(1), 42

    U.S.C. §§ 2000e 2(a)(1) and 2000e-5(f)(1).

## Personal Jurisdiction

4. This Court has general personal jurisdiction over Lighthouse

    because it is incorporated in the State of Arkansas, and a

    forum state can exercise general personal jurisdiction over

    a defendant who has a continuous presence in the state

    and whose activities in the state are so substantial and of

    such a nature as to justify haling it into court in the state

    even for causes of action that do not arise from those

    activities. *Goodyear Dunlop Tires Operations, S.A.*

    *v. Brown*, 564 U.S. 915, 924 (2011) (citing *Helicopteros*

    *Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 414

    n.9 (1984); *International Shoe Co. v. Washington*, 326 U.S.

    310, 318 (1945)).

## Venue

5. Venue is proper in this Court pursuant to 28 U.S.C. §

    1391(b)(2) because a substantial part of the events or

omissions giving rise to Ms. Rogers's claims against

Lighthouse occurred in the Eastern District of Arkansas.

### I. Factual Basis for the Complaint

6. Lighthouse operates a charter school in Jacksonville, Arkansas called Jacksonville College Preparatory Academy. In July 2017, Ms. Rogers began working for that school as the Director of School Culture. In July 2018, Lighthouse promoted her to the position of principal at the school. She replaced a male, Frederick D. Holmes ("Mr. Holmes"), in that position,

2

and at the time Lighthouse promoted her, it paid her less than it paid Mr. Holmes.

7. When Lighthouse promoted Ms. Rogers to the position of principal, she performed the same job as Mr. Holmes, and the job required the same skills, efforts, and responsibilities as it required of Mr. Holmes. She also performed the job under the same working conditions as Mr. Holmes.

8. Lighthouse has a Personnel Policies Handbook that includes a policy it calls "Progressive Discipline." In accordance with that policy, Lighthouse's "progressive discipline process" is as follows:

First, there is a verbal warning: where a supervisor verbally counsels an  employee about an issue of concern, and a written record of the discussion is placed in the employee's file for future reference.

Second, there is a written warning, which is used for behavior or violations that a supervisor considered serious or in situations when a verbal warning has not helped change unacceptable behavior. Written warnings are placed in an employee's personnel file.

Third, there is a performance improvement plan. When an employee has been involved in a disciplinary situation that has not been readily resolved or when the employee has demonstrated an inability to perform assigned work responsibilities efficiently, the employee may be given a final warning or placed on a performance improvement plan. Performance improvement plan status will last for a predetermined amount of time not to exceed ninety

3

days, and within this time period, the employee must demonstrate a willingness and ability to meet and maintain the conduct requirements specified by the supervisor and organization, the work requirements

respect to her compensation, terms, conditions, or privileges of employment because of sex. 42 U.S.C. § 2000e-2(a)(1).

15. When Lighthouse terminated Mr. Felton, it allowed him to complete the school year. When Lighthouse terminated Ms. Rogers, it did not allow her to complete the school year. Lighthouse refused to allow Ms. Rogers to complete the school year was because of sex. This was an adverse employment act that violated her statutory right not to be discriminated against with respect to her compensation, terms, conditions, or privileges of employment because of sex. 42 U.S.C. § 2000e-2(a)(1).

5

16. When Lighthouse removed Mr. Holmes as principal and replaced him with Ms. Rogers, it offered Mr. Holmes the option of accepting a severance package or completing the school year. When Lighthouse terminated Ms. Rogers, it did not offer her the option of completing the school year. Lighthouse refused to allow Ms. Rogers to complete the school year because of sex. This was an adverse employment act that violated her statutory right not to be discriminated against with respect to her compensation,

terms, conditions, or privileges of employment because of sex. 42 U.S.C. § 2000e 2(a)(1).

17. When Lighthouse terminated Ms. Rogers on February 18, 2020, it refused to pay her wages she had earned up until that point. Lighthouse refused to pay Ms. Rogers the wages she had earned up until February 18, 2020 because of sex. This was an adverse employment act that violated her statutory right not to be discriminated against with respect to her compensation, terms, conditions, or privileges of employment because of sex. 42 U.S.C. § 2000e-2(a)(1).

**III. Sex Discrimination under the Equal Pay Act of 1963** 18. When Lighthouse promoted Ms. Rogers to the position of principal, she performed the same job as Mr. Holmes, and the job required the same skills, efforts, and responsibilities as it required of Mr. Holmes, yet Lighthouse paid her less than Mr. Holmes. She also performed the job under same working conditions as Mr. Holmes, yet Lighthouse paid her less than Mr.

6

Holmes. Lighthouse's paying Ms. Rogers less for doing the same work than it paid Mr. Holmes violated the Equal Pay Act of 1963, 29 U.S.C. § 206(d)(1).

**IV. Relief Requested**

19. Ms. Rogers requests that the Court enjoin Lighthouse from engaging in any further sex discrimination against her. 42 U.S.C. § 2000e-5(g)(1). She also requests that the Court enjoin Lighthouse from engaging in any further pay discrimination in violation of the Equal Pay Act.

20. Ms. Rogers requests that the Court order  back pay. 42 U.S.C. § 2000e-5(g)(1). The backpay award should include lost wages, raises, overtime compensation, bonuses, vacation pay, and retirement benefits.

> United States v. Burke, 504 U.S. 229, 237-242 (1992). Shore v. Fed. Express Corp., 42 F.3d 373, 378 (6th Cir. 1994).

21. Ms. Rogers requests an award of compensatory damages for future pecuniary losses, emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses. 42 U.S.C. §§ 1981a(a)(1), 1981a(b)(3).

7

22. Ms. Rogers requests back pay for Lighthouse's Equal Pay Act violations for the time it underpaid her starting in October 2019 and continuing through February 18, 2020.

23. Ms. Rogers requests an award of punitive damages because Lighthouse engaged in discriminatory practices

with malice or with a reckless indifference to her federally
protected rights. 42 U.S.C. §§ 1981a(b)(1), 1981a(b)(4).

24. Ms. Rogers requests an award of prejudgment interest and
post-judgment interest at the maximum rate allowed by law.
*Loeffler v. Frank*, 486 U.S. 549, 557-558 (1988).

25. Ms. Rogers requests that she be awarded her costs of
prosecuting this case, including attorneys' fees. 42 U.S.C.
§§ 1988(b), 1988(c), 2000e-5(k). 26. Ms. Rogers requests
that the Court award her any other equitable relief the
Court deems appropriate. 42 U.S.C. § 2000e-5(g)(1).

**Jury Demand**

27. Ms. Rogers demands a trial by jury. 42 U.S.C. § 1981a(c)(1).

Respectfully submitted,

Anitra N. Rogers
Anitra N. Rogers
Pro Se Plaintiff
6624 Magnolia Way
North Little Rock, Arkansas 72117-2372
Telephone 870.317.4163
Email anitra.nrogers@gmail.com

8

EEOC Form 5 (11/09)

**CHARGE OF DISCRIMINATION** Charge Presented To: Agency(ies) Charge No(s):

197 4. See enclosed Privacy Act ☐   FEPA Statement and other information before completing this form. **!KI**   EEOC **493-2020-00880 null** and EEOC

State or local Agency, if any

Name (indicate Mr., Ms., Mrs.) Home Phone Year of Birth 02/07/1982 MS. **ANITRA N ROGERS (870) 317-4163 Way** Street Address City, State and ZIP Code
**6624 MAGNOLIA WAY, NORTH LITTLE ROCK, AR 72117**

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I Believe Discriminated Against Me or Others. (If more than two, list under PARTICULARS below.) Name No. Employees, Members Phone No. **JACKSONVILLE LIGHTHOUSE ACADEMIES Unknown (501) 985-1228 Street** Address City, State and ZIP Code
**251 N. FIRST, JACKSONVILLE, AR 72076**

Name No. Employees, Members Phone No.   Street Address City, State and ZIP Code

Ξ Earliest Latest

☐ RACE ☐ COLOR **[KI** SEX **X** RELIGION ☐ NATIONAL ORIGIN **10-01-2019 02-18-2020** ☐ RETALIATION ☐ AGE
☐ OTHER (Specify) ☐ DISABILITY ☐ GENETIC INFORMATION ☐ CONTINUING ACTION
THE PARTICULARS ARE (If additional paper is needed, attach extra sheet(s)):
**I was hired in July 2017, and promoted to Principal in 2018. I was paid less than the Male, who held the position of Principal, prior to my promotion. In October or November 2019, I was given**

a written reprimand. In February 2020, I was place on a Performance Improvement Plan (PIP). On February 18, 2020, I was discharged. Prior to my discharge, the Respondent provided Male Principals the opportunity to continue their employment in other positions after being removed from the position of Principal. I was not given the opportunity to continue my employment. I was not paid for my paid-time-off. I was not paid the full amount of pay due to me at the time I was discharged.

I believe I was paid less than males with the same job title and duties in violation of the Equal Pay Act of 1967, as amended. I also believe I was paid less than males with the same job title and duties, subjected to different terms and conditions of employment, disciplined, placed on a PIP, discharged, not allowed to
continue my employment in another position, not paid for my paid-time-off, and not paid my full pay at the time I was discharged because of my sex, female, in violation of Title VII of the Civil Rights Act of 1964, as amended.

I want this charge filed with both the EEOC and the State or local Agency, NOTARY - When necessary, for State and Local Agency Requirements if any. I will advise the agencies if I change my address or phone number
and I will cooperate fully with them in the processing of my charge in
  according to their procedures. I swear or affirm that I have read the above charge and that I declare under penalty of perjury that the above is true and correct. is true to the best of my knowledge, information and belief.  SIGNATURE OF COMPLAINANT

**Digitally signed by Anitra Rogers on 05-19-2020 09:40 PM** SUBSCRIBED AND SWORN TO
BEFORE ME THIS DATE EDT (month, day, year)


# Exhibit A

QUAL EMPLOYMENT OPPORTUNITY COMMISSION DISMISSAL AND NOTICE OF

   RIGHTS


To: **Anitra N. Rogers**
**6624 Magnolia Way**
**North Little Rock, AR 72117**


D On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.I(a))

EEOC Charge No. EEOC Representative Margie **Myers,**
From: **Little Rock Area Office**
**820 Louisiana**
**Suite 200**
**Little Rock, AR 72201**


Telephone No.


493-2020-00880 (501) 324-6214                        **Investigator**

**THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING**

**REASON:** D The facts alleged in the charge fail to state a claim under any of the statutes

enforced by the EEOC. D Your allegations did not involve a disability as defined by the
Americans With Disabilities Act.

D The Respondent employs less than the required number of employees or is not otherwise covered by the

statutes. D Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of
the alleged discrimination to file your charge

[KJ The EEOC issues the following determination: The EEOC will not proceed further with its investigation, and makes no
determination about whether further investigation would establish violations of the statute. This does not mean the
claims have no merit. This determination does not certify that the respondent is in compliance with the statutes. The
EEOC makes no finding as to the merits of any other issues that might be construed as having been raised by this
charge.

D The EEOC has adopted the findings of the state or local fair employment practices agency that

investigated this charge. D Other (briefly state)

**- NOTICE OF SUIT RIGHTS -**
(See the additional information attached to this form.)

**Title VII, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, or the Age
Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will
send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or
state court. Your lawsuit **must be filed WITHIN 90 DAYS of your receipt of this notice;** or your right to sue
based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful
violations) of the alleged EPA underpayment. This means that **back pay due for any violations that occurred
more than 2 years (3 years) before you file suit may not be collectible.**

On behalf of the Commission

Enclosures(s)

cc: **Jerome Ballard**
**COO**
**Lighthouse Academies 251 N. 1st Street**
**Jacksonville, AR 72076**

~ ~ c: ---

**William A. Cash, Jr.,**
**Area Office Director**

02/24/2021

(Date Issued)

**Exhibit B**